FILED
SUPERIOR COURT
OF GUAM

2025 APR -8 PM 4: 37

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| EUNMI PARK and GREENCORP, | **CIVIL CASE NO. CV0337-24** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |
| LINE CORPORATION and CHANGSEOK AN, | |
| Defendants. | |

In this dispute concerning corporate shares, the Court finds that, based on the record before it, a preliminary injunction is appropriate to bar Defendant Line Corporation from taking any corporate action, including but not limited to those outlined in the accompanying Preliminary Injunction Order, pending a final determination on the case's merits.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The appearing parties agree to the following facts:  Plaintiffs Eunmi Park and Defendant Changseok An were married in 1999 and divorced in 2016.  During the marriage, Park and An initially held 30,000 and 19,999 shares, respectively, in Line Corporation.  In August 2007, however, Line Corporation's annual report indicated that An held 500,000 shares, and Park held 499,000 shares.  Two months later, an Amended Articles of Incorporation and a Certificate of Amendment of Articles of Incorporation stated that the capital for Line Corporation increased to $250,000.  In 2016—following the divorce—a Certificate of Second Amended Articles of



Incorporation specified that An held 999,999 shares, and Park held one share.[1]

Park claims her signatures on some or all corporate documents were forged. Compl. ¶ 16. Park also claims she did not sell or transfer her shares in 2016, as reflected in the Second Amended Articles of Incorporation; additionally, An removed Park as a shareholder, and sold Line Corporation's property without proper authority. *Id.* ¶¶ 22, 40-42. Plaintiffs further claim that Plaintiff Greencorp holds an interest in Line Corporation, which is not reflected in any corporate documents, and that such interest has been recognized by a court in Korea. *Id.* ¶¶ 30-32, 37.

Plaintiffs seek a declaratory judgment against Line Corporation and An relative to Park and Greencorp's interests in Line Corporation, and for an injunction preventing Defendants from failing to recognize such interests. *See* Compl. at 8-10. Line Corporation answered the Complaint and denied Park's allegations of wrongdoing; meanwhile, service on An remains pending. Line Corp.'s Answer; Min. Entry (Apr. 2, 2025).

Plaintiffs have moved for a preliminary injunction to enjoin further corporate activities. The matter was briefed and then heard and taken under advisement on January 22, 2025.

## II.     LAW AND ANALYSIS

### A. A Preliminary Injunction May Issue

To obtain a preliminary injunction, a movant must demonstrate a threat of irreparable injury and a likelihood of success on the merits. *Sananap v. Cyfred, Ltd.*, 2009 Guam 13 ¶ 38. A dilution of ownership in a company may result in an irreparable injury. *Mack v. Davis*, 2013 Guam 13 ¶ 23. Relative to the first prong of the preliminary injunction test, Plaintiffs have

---

[1] Compare Compl. ¶¶ 6, 8, 11-15, 18-19, 21 (June 11, 2024) with Line Corp.'s Answer ¶ 1 (Sept. 18, 2024). Park verified the allegations in the Complaint.

ORIGINAL

demonstrated that without an injunction recognizing their interests, corporate actions may occur that would deprive them of their interest in corporate assets.

As for the second prong, in support of their assertion that they would prevail on the merits, Plaintiffs cite a ruling from a court in Korea finding that An counterfeited a foreign currency securities transfer contract and did so without Park's consent. Line Corporation opposes stating that there is no credible evidence that the Korea court made this ruling, nor, even if issued, the ruling should not be given any deference. Plaintiffs concede they have not submitted the Korea court's ruling. Pls.' Reply at 7 (Jan. 13, 2025). Without a translated court decision, this Court is hesitant to rely on hearsay, and therefore rejects this argument.

Line Corporation also challenges Plaintiffs' assertion of prevailing on the merits by asserting that the parties' shares in Line Corporation amount to community property. The Court is not clear what impact the classification of the shares as community property does to lessen Park's interest. Even if it was considered community property during the course of the marriage, the parties have now divorced and thus there should have been some division of the shares. Neither side has given this Court credible evidence to further evaluate this argument; thus, the Court disregards it.

Setting aside the arguments about the persuasiveness of a Korea court ruling and community property, the Court is left with unrebutted arguments that Park's close to 50% interest in Line Corporation drastically decreased right after the parties' divorce, and that Park disputes any consent to this change in the corporate makeup. Line Corporation offers no explanation for this change, and also fails to explain why Greencorp's investment in Line Corporation is undocumented. Instead, Line Corporation argues that more discovery is needed. Nonetheless, given the nature of the evidence put forth thus far, and the fact that if Line



Corporation had evidence to explain the drastic change in Park's interest it would have and should have produced such evidence in the briefing, it appears more likely than not that Plaintiffs may be able to prevail on their claim that Line Corporation improperly dissipated Plaintiffs' interests in Line Corporation.

### B. Security

Under Guam Rule of Civil Procedure 65(c), security must accompany a preliminary injunction and in an amount deemed proper by the Court. Plaintiffs failed to address this issue in their filings and also had no answer when the Court inquired about security at the motion hearing. In any event, Line Corporation has the burden of requesting adequate security. *Philips Electronics N. Am. Corp. v. Hope*, 631 F. Supp. 2d705, 724 n.14 (2009). Within five business days of this Decision and Order, Line Corporation may suggest and support an appropriate bond amount. If Line Corporation submits a proposed bond amount, Plaintiffs may respond to the proposal within five business days thereafter. Unless Line Corporation suggests a bond amount, the Court will set no bond as there is no proof thus far of any damage to be suffered by Line Corporation during the period of a preliminary injunction.[2]

### III.     <u>CONCLUSION & ORDER</u>

The Court GRANTS Plaintiffs' Motion for Preliminary Injunction, having found that Plaintiffs have established an irreparable injury and a likelihood of success on the merits based on the record before it. A separate preliminary injunction shall issue concurrently with this Decision and Order but may be modified depending on a potential bond set by the Court.

---

[2] *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (court may dispense with a bond if there is no realistic likelihood of harm to the defendant).



**SO ORDERED, 8 April 2025.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Shannon Taitano, Esq., Camacho & Taitano LLP for Plaintiffs
Michael J. Berman, Esq., Berman Law Firm for Defendant Line Corporation


ORIGINAL